Dear Commissioner Brown:
You have requested an opinion of this office as to the proper interpretation of certain provisions of the Louisiana Insurance Code regarding property residual value insurance. In particular, your question asked whether "auto gap" coverage as defined by LSA R.S. 6:956(f)(4)(d) enacted by Act 1184 of the 1995 Regular Session should be classified as "Property Residual Value Insurance" as defined by LSA R.S. 22:1900-1911 or should it be classified as "Miscellaneous" under LSA R.S. 22:6(14).
"Auto Gap" coverage was specifically created by the Louisiana Legislature by Act 1184 of the 1995 Session and codified as LSA R.S. 6:956(f)(4)(d). It states:
 "(d) The seller or lender may, in addition, offer the buyer the option of voluntarily purchasing gap coverage protecting the buyer from possible liability as a result of the buyer's property insurance being insufficient to fully pay and satisfy the then unpaid balance under the buyer's contract as a result of a total loss of the vehicle. The cost of gap coverage may be included in the unpaid principal balance of the buyer's contract and made subject to finance charges."
This type of coverage is meant to cover the difference between the value of the car at the time of a total loss and the amount left owing on the car loan.
The Louisiana Insurance Code at LSA R.S. 22:1900 gives the definition of property under this section as "any movable or immovable property" and further defines a "Property Residual Value Insurance Policy as:
 "(4) any contract or agreement whereby a third party, other than the owner, seller, lessee, or lessor of property, either directly or indirectly assumes the risk of and/or the expense of the residual value of property.
Paragraph (5) of this statute defines the term Residual Value as:
 "(5) the value of property at a specific future time, which value is determined by agreement at the time the contract of lease or sale is entered into.
Blacks Law Dictionary defines "value" as the purchasing power of the property, or the amount of money which the property will command in exchange, if sold, this being called its "market value". Blacks further defines "specific" as "Precisely formulated or restricted; definite; explicit; of an exact or particular nature. "Auto Gap" coverage does not set a marketable price at the beginning of the contract nor does it state a specific future time that the property will reach this marketable price.
The type of coverage contemplated by LSA R.S.6:956(f)(4)(d) does not fit the definition of Property Residual Value Insurance due to the fact this coverage would pay proceeds that equal the difference between the amount of the loan and the total loss payment by the insurance company. The amount paid because of any loss that might occur, would of course, vary over the life of the loan, rather than be set at the time of the sale.
Therefore, it is the opinion of this office that the coverage defined in LSA R.S. 6:956(f)(4)(d) commonly known as "Auto Gap" does not fall within the definition of Property Residual Value Insurance as it does not set the value of the property at the time the contract of sale or lease is entered into nor does it set the specific future time that the property is to reach that value.
While this type of gap coverage does not fall within the definition of Property Residual Value Insurance, it does fall within the Louisiana Insurance Code's definition of insurance, under LSA R.S. 22:6, thus requiring full compliance with all requirements of the Louisiana Insurance Code.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: L. DEAN FRYDAY, JR. Assistant Attorney General
 Insurance and Securities Section
DATE: __________________________________________________________
REPORT OF THE PUBLIC PROTECTION DIVISION OPINION REVIEW COMMITTEE*
 I/we have reviewed the attached opinion number_______________________________ on the __________________ day of_____________________________________________________________,and find that this opinion is acceptable and ready for release,with the following exceptions, comments and/or recommendations,to-wit:
_______________________________________________________________ _______________________________________________________________
DAVID KIMMEL OPINION AUTHOR DATE
Director Public Protection Division
___________________________________________________________________
SECTION CHIEF DATE
___________________________________________________________________
REVIEWER DATE
*** Opinions will not be released for final review untilreviewed by one (1) additional assistant independent of theAuthor, and the Division Director.
*** PLEASE INITIAL IF APPROPRIATE FOR PUBLICATION:
___________________________________________________________________